IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-1175-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LUIS ALBERTO MEJIA-HERNANDEZ | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Luis Alberto Mejia-Hernandez, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Among the issues raised by the defendant is a claim that he requested his court appointed counsel, Lowell Bernstein, to file a notice of appeal, and that Mr. Bernstein failed to do so.

The government has responded to the § 2255 motion and requests an evidentiary hearing be held. Included in the materials filed by the government supporting its motion for an evidentiary hearing is an affidavit from Mr. Bernstein indicating that his client did not request that he file an appeal on his behalf.

Although this court specifically advised the defendant at sentencing of his right to appeal, the time to file an appeal, and the fact that he could file an appeal on his own, the defendant maintains that his attorney did not advise him of his right to appeal nor did he a file an appeal on his behalf. As a result, the defendant claims his counsel provided ineffective assistance.

The court is thus faced with a swearing contest between the defendant and his former

1

2

attorney. Mindful of these circumstances and existing case law,[1] the court determines that an evidentiary hearing is necessary, but only as to the appeal issue. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (failure to file a notice of appeal from a criminal conviction is *per se* ineffective assistance of counsel). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) (hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion); and *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) (defendant entitled to evidentiary hearing on whether he instructed attorney to file an appeal, despite appeal waiver).

For the foregoing reasons, a hearing is set in this matter for **10:00 a.m. on Monday, December 12, 2011**, in Courtroom 4 of the Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina. The defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints attorney **Joseph N. Connell** to represent defendant for the limited purpose of arguing this issue during this evidentiary hearing pursuant to Rule 8(c) of the Rules Governing § 2255 Cases. The Clerk is directed to send a copy of this order to the United States Marshals Service so that it may make arrangements to have the defendant

---

[1] The complaint in this action is verified, and the United States Court of Appeals for the Fourth Circuit has held that a verified complaint by a *pro se* plaintiff may be construed as an affidavit for purposes of considering a motion for summary judgment. The Fourth Circuit has also held that the question of whether an appeal was requested by the defendant is a factual issue that must be resolved by way of sworn testimony, rather than reliance upon affidavits.

returned to the District of South Carolina for purposes of participating in the evidentiary hearing. The Clerk shall serve a copy of this order upon attorney Lowell Bernstein, defendant's former counsel, so that he may attend the hearing to provide testimony on the issue presented.

All remaining grounds for relief in the § 2255 petition will be addressed after the court has decided the appeal issue to be heard at the evidentiary hearing.

The court's order of September 23, 2011 (ECF No. 192) is hereby vacated as it was inadvertently entered without the government having filed a motion for summary judgment.

IT IS SO ORDERED.

October 11, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3